IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANASTASIA VICTORINA LEHUANANI ABBEY, | ) ) ) | CIVIL NO. 09-000545 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER REGARDING PLAINTIFF'S EX PARTE MOTION TO DETERMINE CONFIDENTIALITY OF DOCUMENTS |
| vs. | ) ) | |
| HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY (HEMIC), MICHAEL REDMAN, AND ROBERT DOVE, | ) ) ) ) ) | |
| Defendants. | ) | |

ORDER REGARDING PLAINTIFF'S EX PARTE
MOTION TO DETERMINE CONFIDENTIALITY OF DOCUMENTS

On November 10, 2010, Plaintiff Anastasia Victorina Lehunani Abbey filed an ex parte motion to determine the confidentiality of documents relating to Joseph Benevides' worker's compensation records.  See Ex Parte Mot., ECF No. 152. Benevides's worker's compensation claim was allegedly handled differently by Defendant Hawaii Employers Mutual Insurance Company from Abbey's claim.  See Second Am. Compl. ¶¶ 127-32, ECF No. 46.  Abbey argues that Benevides's records are not confidential and do not require filing under seal.  See Ex Parte Mot. ¶ 8.

In the Response to the Ex Parte Motion, Defendants argue that such records contain medical and health information, and thus fall under the stipulated protective order issued by the court on November 3, 2010.  See Resp. Ex Parte Mot., ECF No. 153; Stipulated Protective Order, ECF No. 146.  The Protective Order

covers, among other things, "health related/medical . . . information of any employee or former employee of HEMIC." See Stipulated Protective Order ¶ 1(a).  Abbey intended to use the records in question as exhibits in support of her Opposition to Defendant's Motion for Summary Judgment, which is set for hearing on November 29, 2010.  See Ex Parte Mot. ¶ 5.  As Abbey was privy to the records even though they were sealed, Abbey had ample opportunity to use them in her Opposition.

The Ninth Circuit has recognized a strong presumption of public access to judicial records applicable to documents attached to dispositive motions.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  There must be "compelling reasons" to justify the sealing of documents attached to dispositive motions.  Id. at 1180.  "That is, the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. (internal citations omitted).  The need to protect medical privacy qualifies as a "compelling reason."  See G. v. Hawaii, Civ. No. 08-00551, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010); Lombardi v. TriWest Healthcare Alliance Corp., CV 08-02381, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (allowing defendant to file under seal

2

exhibits containing "sensitive personal and medical information" (citing Kamakana, 447 F.3d at 1179)).

As the protective order states, "The party designating the document as confidential has the burden of establishing that the document is entitled to protection." See Stipulated Protective Order ¶ 7.  Contrary to the Declaration of Plaintiff's counsel, Defendants responded via email by the agreed-upon time regarding the documents in question and their confidentiality. The email stated that these documents "contain medical and health information relating to an identifiable HEMIC employee" and Defendants "cannot agree to remove them from the protection of our order."  See Resp. Ex Parte Mot.  Defendants' response to the ex parte motion was mostly a copy of this email to Plaintiff's counsel, and it does not, without more, meet its burden under Local Rule 83.12.  For example, it is not clear that the records must be sealed in their entirety, as opposed to being partly sealed, but openly filed in redacted form.

The documents at issue may temporarily be filed under seal to allow the orderly determination of whether and how much of any document may be sealed.  Defendants may file a motion to permanently seal documents under Local Rule 83.12(b) by November 17, 2010.  Until the court rules on whether and what can be sealed, the parties should attempt to talk around the record and not identify the employee, medical or health conditions, or the

3

details of other matters in any potentially sealed filing. See 45 C.F.R. § 164.502(b)(1); LR 83.12(d). If Defendants do not file a motion by November 17, 2010, the court may unseal the documents and open them to public inspection. Notwithstanding the deadlines under Local Rule 83.12(b), Plaintiff may file any timely opposition to the motion to seal by November 22, 2010, and Defendants may submit a reply by November 24, 2010.

      This order disposes of Plaintiff's Ex Parte Motion to Determine Confidentiality of Documents Relating to Joseph Benevides' Worker's Compensation Records, ECF No. 152. The Clerk of Court is directed to terminate that motion.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, November 15, 2010



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

Abbey v. HEMIC, Civ. No. 09-00545 SOM/BMK; ORDER REGARDING PLAINTIFF'S EX PARTE MOTION TO DETERMINE CONFIDENTIALITY OF DOCUMENTS.