IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANASTASIA VICTORINA LEHUANANI ABBEY, | ) ) ) | CIVIL NO. 09-000545 SOM/BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY (HEMIC), MICHAEL REDMAN, AND ROBERT DOVE, | ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR RECONSIDERATION

I.      INTRODUCTION.

The court has reviewed the "Motion for Reconsideration of the Dec. 12, 2010 Order Partially Granting and Partially Denying Defendants' Motion for Summary Judgment With Regard to Plaintiff Anastasia Victorina Lehuanani Abbey's Discrimination and Retaliation Claims" filed by Defendants Hawaii Employers' Mutual Insurance Company ("HEMIC"), Michael Redman, and Robert Dove. Mot. Recons., ECF No. 202. Defendants move for reconsideration of the court's order with respect to Abbey's discrimination and retaliation claims. The motion for reconsideration with respect to the discrimination claim is denied, and the motion with respect to the retaliation claim is granted.

II.      LEGAL STANDARD.

A successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Second, it must set forth facts or law of a strongly convincing nature that induces the court to reverse its prior decision. Id.

Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998). The District of Hawaii has implemented these standards in Local Rule 60.1, which governs interlocutory orders and states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)   Discovery of new material facts not previously available;
>
> (b)   Intervening change in law;
>
> (c)   Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than fourteen (14) days after the court's written order is filed.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." Comeaux v. State of

Hawaii, Civ. No. 06-00341 SOM-BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).  Furthermore, "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."  Id. (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  White, 424 F. Supp. 2d at 1274 (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

III. ANALYSIS.

A. Discrimination Claim.

Defendants argue that the court committed manifest legal error when applying the first and third steps of the McDonnell Douglas burden-shifting framework to different adverse employment actions.  See Mot. Recons. 2.  Defendants claim that the court improperly applied the handling of Abbey's and Benevides's worker's compensation claim at the prima facie stage, and Abbey's termination at the pretext stage.  See id. at 1-2.  Defendants argue that the court must focus on the same adverse employment action at both the prima facie stage and the pretext stage.  See id. at 2.  Defendants misread the court's December 21, 2010, order.

In the first step of the framework, a plaintiff must set forth a prima facie case of disparate treatment discrimination under Title VII. A plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. See Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008); see also Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir. 2009). The Ninth Circuit recently explained:

> The prima facie case method established in McDonnell Douglas was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.

Hawn v. Exec. Jet Mgmt. Inc., 615 F.3d 1151, 1159 (9th Cir. 2010).

Abbey adequately demonstrated a prima facie case for discrimination. As a woman, Abbey belongs to a protected class. Defendants do not dispute that Abbey was qualified for her position at HEMIC. See Defs. Mot. Summ. J. 9-10. Abbey suffered an adverse employment action when she was terminated from HEMIC. Viewing all inferences in her favor, the court found that Abbey had raised at least a question of fact as to whether she was similarly situated to one male employee, Joseph Benevides. See

4

Dec. 21, 2010, Order 11, 13, ECF No. 198. The court acknowledged that Benevides's worker's compensation claim was allegedly not handled in the same fashion as Abbey's. See id. at 12. But the handling of the claim was not the only reason that they were deemed similarly situated. Benevides had supervisory responsibilities and appeared to have been similarly situated to Abbey in that respect. See id. at 11-12.

Because Abbey made out a prima facie case, the court proceeded to the second step of the framework, where the burden of production shifted to HEMIC to articulate some legitimate, nondiscriminatory reason for the challenged action. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002) (quotations omitted). Defendants satisfied their burden with evidence that Abbey was terminated because she was absent from work for 111 days, allowed her family leave to expire, did not obtain approval for additional leave, and did not inform the company of her condition or expected return date. See Defs. Mot. Summ. J. 15, ECF No. 88; Dec. 21, 2010, Order 15.

In the third step of the framework, the burden shifted back to Abbey to prove that HEMIC's explanation was a pretext to conceal discriminatory conduct. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). A plaintiff may show pretext either directly by persuading the court that a discriminatory reason more likely

5

motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1126-27 (9th Cir. 2009) (quotations omitted); Davis v. Team Electric Co., 520 F.3d 1080, 1091 (9th Cir. 2008). The court found that Abbey raised a genuine issue of fact as to whether HEMIC's proffered reason for its actions were a pretext for sex discrimination. See Dec. 21, 2010, Order 18. Among other things, Abbey pointed to emails among Redman, Dove, and herself, a newspaper advertisement of her job, and the removal of her name from the HEMIC online staff directory. Altogether, this was sufficient to raise a triable issue of pretext, as any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder. See Nicholson, 580 F.3d at 1127. Defendants argue that the court focused on whether there was an adverse employment action in the third step of McDonnell Douglas, but in examining the third element in the analytical framework, the court's focus was on pretext, as the framework requires.

   B.  Retaliation Claim.

  Defendants argue that the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a), only applies to a complaint about a practice that is unlawful under Title VII. See Mot. Recons. 2-3. Upon closer inspection, the court agrees and thus

6

concludes that Abbey fails to demonstrate a prima facie case for retaliation.[1]

Under Title VII of the Civil Rights Act, an employer cannot "discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). With respect to retaliation, an employer cannot retaliate against an employee for "oppos[ing] any practice made an unlawful employment practice by this subchapter." Id. § 2000e-3(a). Thus, a complaint by an employee that a supervisor has violated Title VII may constitute protected activity for which the employer cannot lawfully retaliate. See E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 963 (9th Cir. 2009).

To make out a prima facie case of retaliation, a plaintiff must "show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment [action]." Raad v. Fairbanks North Star Borough Sch. Dist., 323 F.3d 1185, 1197 (9th Cir. 2003).

To the extent that Abbey alleges she was retaliated

---

[1] In the Opposition to the Motion for Reconsideration, Abbey does not cite any caselaw in her retaliation claim section. See Opp'n 9-10, ECF No. 204. The court was left without the full benefit of the adversarial system as this Opposition was mainly copied and pasted from Abbey's prior court filings.

against for her complaints regarding the Brigham Quality Review Project ("Project")[2], such activity is not "protected" under Title VII because it does not involve any allegations relating to discrimination. Even though Abbey claims that only women were screamed at when they objected to the Brigham Quality Review Project, her complaints regarding the Project themselves do not relate to Title VII discrimination. See Declaration of Anastasia Victorina Lehuanani Abbey ("Abbey Decl.") ¶¶ 82-83, ECF No. 150-1. Abbey complained about the Project's potentially ethical, legal, and bad faith ramifications, which are not governed by Title VII. See Abbey Decl. ¶¶ 72, 78. "Title VII's statutory 'opposition clause' prohibits an employer from retaliating against an applicant or employee 'because he has opposed any practice made an unlawful employment practice,'" such as discrimination based on race, sex, religion, sex, or national origin. E.E.O.C. v. Luce, Forward, Hamilton & Scripps, 303 F.3d 994, 1005 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-3(a)).

The court notes that Abbey did complain to HEMIC Human Resources Representative Faye Bueno "on numerous occasions" about Dove and Redman's purported discriminatory behavior. See Abbey Decl. ¶ 36. Such complaints about unlawful employment activity constituted protected activity, as required to prove a Title VII

---

[2] The Brigham Quality Review Project was an independent company review program, which checked HEMIC's Independent Medical Examiner reports for possible adjustments.

retaliation claim.  See E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 963 (9th Cir. 2009).  But even if this court were to view Abbey's complaints to Bueno as protected activities, Abbey has failed to demonstrate a causal link between those earlier reports and the alleged retaliation.  Abbey states she would "attempt on numerous occasions to inform . . . Bueno that Defendant Redman was acting in a very unprofessional manner[.]"  See Abbey Decl. ¶ 36.  Abbey, however, fails to provide any specific dates when she complained to Bueno, or to set forth any facts indicating that such complaints were made after January 2007.  See Defs. Mot. Summ. J. 16, ECF No. 88; Declaration of Faye Bueno ¶ 17, ECF No. 89-1.[3]

Thus, the record indicates that more than fourteen months separated Abbey's last alleged protected activity from her termination in May 2008.  See id.  Accordingly, Abbey fails to demonstrate any compelling temporal proximity.  See Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (noting that those cases that accept mere temporal proximity as sufficient evidence of causality to establish a prima facie case uniformly hold that temporal

---

[3] Abbey relies instead on her last complaint about the Brigham Review Quality Project on November 30, 2007.  As the court has already stated, such complaints are not within the scope of Title VII.  Accordingly, Abbey fails to carry her burden of demonstrating causation and a triable issue of fact for a retaliation claim.

9

proximity must be "very close"); Manatt v. Bank of Am., 339 F.3d 792, 802 (9th Cir. 2003) (refusing to draw an inference of causation when there was a nine-month period between the employer's knowledge of protected activity and an adverse employment action).

Concluding that Abbey has failed to make out a prima facie case for retaliation, this court GRANTS the motion for reconsideration with respect to this claim.

III. CONCLUSION.

For the foregoing reasons, the court partially grants Defendants' reconsideration motion. Defendants are granted summary judgment on the retaliation claim, but the discrimination claim remains for further adjudication, as provided for in the earlier order. In all other respects, the earlier order remains in effect.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2011



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Abbey v. Hawaii Employers Mutual Insurance Company, et al., Civil No. 09-000545 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION.